**CHIEN HWA SHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–72620.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 22, 2010.

John S. Chang, Esquire, Lorance Hockert, Esquire, Lorance Hockert, New York, NY, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Robert Markle, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Chien Hwa Shen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *He v. Gonzales,* 501 F.3d 1128, 1130–31 (9th Cir.2007), and we deny the petition for review.

The agency did not abuse its discretion in denying Shen's motion to reopen as untimely because Shen filed it over three years after the BIA issued its final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and Shen failed to demonstrate changed country conditions to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Lin v. Holder,* 588 F.3d 981, 988–989 (9th Cir.2009) (record did not establish change in family planning laws or enforcement of such laws that would establish changed country conditions excusing untimely motion to reopen); *He,* 501 F.3d at 1132 (the birth of children outside the country of origin is a change in personal circumstances that is not sufficient to establish changed circumstances in the coun-

try of origin excusing the untimely filing of a motion to reopen).

Shen's argument that he is entitled to file a successive asylum application is foreclosed by this court's decision in *Chen v. Mukasey,* 524 F.3d 1028, 1032 (9th Cir. 2008) (an alien may file a successive asylum application only in connection with a successful motion to reopen, subject to the time and number limitations).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).